Bridget Costigan, Appellant, *v.* Third Avenue Railroad Company, Respondent.

Supreme Court, Appellate Term, First Department, December 15, 1924.

**Trial — conduct of trial — discretionary with court to permit examination, after defendant rests, of witnesses by plaintiff not offered in rebuttal — instructions — error to charge that jury might draw unfavorable inference from failure of plaintiff to call same witnesses.**

It is discretionary with the court to reject upon objection the testimony of witnesses offered by the plaintiff after the defendant has rested where the testimony is not offered in rebuttal and is not strictly rebuttal evidence.

It was error, however, for the court to charge the jury that the same witnesses were present at the time of the accident on which the action is based, that they were not called, though accessible, and that the jury had the right to infer from the failure of the plaintiff to call these witnesses that their testimony might be unfavorable to the plaintiff. That rule has no applicability to the situation in this case because the plaintiff actually called the witnesses though at an improper time.

Appeal by plaintiff from a judgment of the Municipal Court, Borough of Manhattan, Sixth District, rendered in favor of defendant upon the verdict of a jury.

*Israel & Schuhmann* [*Mortimer H. Israel* of counsel], for the appellant.

*Alfred T. Davison* [*William A. Jackson* of counsel], for the respondent.

Per Curiam:

The plaintiff, after defendant had rested, called to the witness stand her two daughters who it is claimed accompanied plaintiff at the time of the accident and witnessed it. Counsel attempted to interrogate them as to the happening of the accident. Counsel for defendant objected to such interrogation upon the ground that it was not proper rebuttal. The objection was sustained and neither witness was permitted to testify. The testimony not having been offered in rebuttal and not being strictly rebuttal evidence, the court had discretionary power to reject it upon objection.

In the course of its charge to the jury the court instructed them as follows: " There is some testimony in this case that two daughters were present. They were not called. They were accessible and you have a right to infer from the failure of the plaintiff to call accessible witnesses that their testimony might be unfavorable to the plaintiff if called."

In view of the fact that the witnesses referred to in the charge

were present in court at the time of the trial, had actually been called to the stand, though not permitted to testify, we think the instruction to the jury that under such circumstances an unfavorable inference may be drawn, was improper and prejudicial to the plaintiff's case. Such an instruction would only be justified where a witness has not been called, although under the control of and available to plaintiff, who had either a peculiar or superior knowledge of the facts involved in the controversy. That rule has no applicability to the situation in the instant case because the plaintiff had actually called the witnesses though perhaps in an improper time of trial procedure. Because of the error above mentioned the judgment is reversed and a new trial ordered, with thirty dollars costs to the appellant to abide the event.

All concur; present, BIJUR, WAGNER and LEVY, JJ.